# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER B. ROJAS,** | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 17-3488 |
| | : | |
| **MARK CAPOZZA, ET AL.,** | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 7th day of May, 2018, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Thomas J. Reuter, it is hereby **ORDERED** that:

1. Petitioner's objections (Doc. Nos. 17 & 19) are **OVERRULED**;[1]

---

[1] Petitioner's objections press the same arguments raised in his petition. Because I find that the Magistrate Judge applied the appropriate standard of review and thoroughly addressed the pertinent legal issues in his Report and Recommendation, I will not re-address the same issues. See Palmer v. Astrue, No. 09-820, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010) ("If . . . objections to a Report merely reiterate arguments previously raised before a magistrate judge, *de novo* review is not required."), aff'd sub nom. Palmer v. Comm'r of Soc. Sec., 410 F. App'x 490 (3d Cir. 2011). In his objections, Petitioner raises one new argument as to his first claim, some additional facts as to his second claim, and adds a seventh claim, which I address in turn below.

In his first claim, Petitioner argues that the state court unreasonably applied Brady and its progeny in concluding that the prosecution's failure to produce three exculpatory videos did not constitute Brady violations. The state court found that Petitioner did not satisfy the three prongs of Brady with respect to the three videos. The Magistrate Judge agreed with the state court that Petitioner cannot satisfy Brady because the first video was not in the prosecution's possession, the second video was not material because it would not show a scene of altercation nor would it show any evidence the jury was not already aware of, and the third video was not material because it did not show Petitioner or the victim. In his objections, Petitioner contends that the

2. The Report and Recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**;

4. Petitioner's Motion for Discovery (Doc. No. 4) is **DENIED**;

5. Petitioner's Motion to Appoint Counsel (Doc. No. 6) is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

---

state court judge and Magistrate Judge failed to do a "cumulative" analysis of the effect of the alleged suppression of the three videos. (Obj. at 5.) As the Magistrate Judge noted, the prosecution never obtained the first video and Petitioner has failed to demonstrate how the second and third videos were exculpatory or material. Because the videos were either not suppressed or not material, I find that a cumulative Brady violation has not occurred. See United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

In Petitioner's third claim, he contends that the state court unreasonably applied Miranda and its progeny in concluding that trial counsel was not ineffective for failing to properly cross examine a witness or argue a motion to suppress statements made by Petitioner. The state court concluded that Petitioner was not in custody for purposes of Miranda when he made the statements, and thus counsel was not ineffective for failing to more fully cross examine a witness about them or raise a meritless argument to suppress them. The Magistrate Judge found that the state court did not err in its determination and underscored that Petitioner had not overcome the burden of 20 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." In his objections, Petitioner points to additional facts that he avers indicate he was in custody. (Obj. at 12-15.) Upon review of the record, I agree with the Magistrate Judge that Petitioner has not overcome the presumption because viewed objectively, a reasonable person in Petitioner's circumstances would not have thought he was in custody. The additional facts to which Petitioner points in his objections do not alter this conclusion, and thus Petitioner has failed to overcome § 2254(e)(1)'s presumption.

Finally, Petitioner raises a new claim in his objections, arguing that "the cumulative error doctrine provides relief." (Supp. Obj. at 6.) Because I agree with the Magistrate Judge that no individual constitutional errors were committed in state court, I cannot conclude that the cumulative error doctrine applies here.

**BY THE COURT:**

_____
**MITCHELL S. GOLDBERG, J.**